FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 29 2021

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RANDALL ROBERTS                                                           PLAINTIFF

vs.                               Case No. 4:21-cv-00080-BRW

AMCON DISTRIBUTING COMPANY and
JONATHAN HENDERSON                                       DEFENDANTS

## NOTICE OF REMOVAL

COMES Defendant, Amcon Distributing Company, pursuant to 28 U.S.C. §§ 1441 and 1446, and for its Notice of Removal of this action from the Circuit Court of Pulaski County, Arkansas, to United States District Court for the Eastern District of Arkansas, Central Division, based on diversity of citizenship, 28 U.S.C. § 1332, states:

1. This action was commenced on December 22, 2020, when Plaintiff filed his Complaint in the Circuit Court of Pulaski County, Arkansas.

2. This action is pending in Pulaski County Circuit Court Case No. 60CV-20-7315 captioned *Randall Roberts v. Amcon Distributing Company and Jonathan Henderson.*

3. Plaintiff purportedly served Defendant, Amcon Distributing Company with a Summons and Complaint on or about January 4, 2021.

4. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Amcon Distributing Company files this Notice of Removal of the state court civil action that is described below, based on diversity of citizenship. 28 U.S.C. § 1332.

5. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) having been filed within thirty (30) days of Defendant's receipt of Summons and Complaint.

6. A copy of the Notice of Removal is being filed with the Circuit Court of Pulaski

This case assigned to District Judge __Wilson__
and to Magistrate Judge __Kearney__

County in the underlying matter and a copy of the Notice of Removal is attached hereto as Exhibit A.

7. Copies of all pleadings and process filed in this action with the Pulaski County Circuit Court are attached hereto as Exhibit B.

8. Plaintiff is a resident of Pulaski County, Arkansas.

9. Defendant, Amcon Distributing Company, is incorporated in Delaware and has a principal place of business in Springfield, Greene County, Missouri. Therefore, for diversity purposes, it is a citizen of states other than Arkansas. Defendant Henderson is also believed to be a resident of Greene County, Missouri and consents to the removal of this action.

10. The amount in controversy exceeds $75,000 exclusive of interest and costs.

11. There is complete diversity of citizenship between Plaintiff and Defendant, Amcon Distributing Company. This Court has jurisdiction over this civil action under 28 U.S.C. § 1332.

12. This Court is the appropriate Court for removal of this action under 28 U.S.C. § 1446(a).

13. The United Stated District Court for the Eastern District of Arkansas, Central Division, embraces Pulaski County Circuit Court, the county in which the state court action is now pending. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

14. Defendant Henderson consents to this removal, and the undersigned counsel represents Defendant Henderson in this matter.

15. Undersigned counsel states this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

Therefore, Defendant, Amcon Distributing Company gives notice of removal of this action


to this Court and respectfully requests that this Court grant it all just and proper relief.

                        Respectfully submitted,

                        BARBER LAW FIRM PLLC
                        425 W. Capitol Avenue, Suite 3400
                        Little Rock, AR  72201
                        501-372-6175
                        888-412-3288 = fax

                        By: *[signature]*
                            J. Carter Fairley #99068
                            ATTORNEY FOR DEFENDANT,
                            AMCON DISTRIBUTING COMPANY
                            cfairley@barberlawfirm.com

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

RANDALL ROBERTS                                                                                      PLAINTIFF

vs.                                         Case No. 60CV-20-7315

AMCON DISTRIBUTING COMPANY and
JONATHAN HENDERSON                                                                           DEFENDANTS

## NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. § 1446(d), Defendant, Amcon Distributing Company, hereby notifies the Plaintiff and this Court that this action has been removed to the United States District Court for the Eastern District of Arkansas, Central Division. A copy of the Notice of Removal filed with that Court is attached as Exhibit "1."

Respectfully submitted,

BARBER LAW FIRM PLLC
425 W. Capitol Avenue, Suite 3400
Little Rock, AR 72201
501-372-6175
888-412-3288 = fax

By: /s/ J. Carter Fairley
J. Carter Fairley #99068
ATTORNEY FOR DEFENDANT,
AMCON DISTRIBUTING CENTER
cfairley@barberlawfirm.com



## CERTIFICATE OF SERVICE

      I, J. Carter Fairley, hereby state that on this ___ day of January, 2021, I have electronically filed the foregoing with the Clerk of the Court using the E-Filing system, which shall send notification of such filing to the following or otherwise be forwarded via U.S. Mail to all counsel of record herein.

Joshua D. Gillispie, Esq.
Green & Gillispie
1 Riverfront Place, Suite 605
North Little Rock, AR  72114
**Attorney for Plaintiff**

                                      */s/ J. Carter Fairley*
                                      J. Carter Fairley

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Dec-22  16:15:23
60CV-20-7315
C06D09 : 8 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
DIVISION

**RANDALL ROBERTS**　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

**V.**　　　　　　　　　　　　**NO. 60CV-20-**

**AMCON DISTRIBUTING COMPANY**
**and**
**JONATHAN HENDERSON**　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

### COMPLAINT

COME the Plaintiff, by and through his attorney, Joshua D. Gillispie, and for their Complaint against Defendant, states as follows:

### JURISDICTION AND PARTIES

1. Plaintiff is a resident of Pulaski County, Arkansas, and was so at all times relevant to this Complaint.

2. Defendant Amcon Distributing Company (Amcon) is an Arkansas corporation located in Little Rock, Arkansas, and was so at all times relevant to this action. Its registered agent for process is C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201. Amcon is vicariously liable for the negligent acts of separate Defendant Henderson, in addition to any directly negligent acts of its own. At all times herein, Amcon had control over the 2014 Mack Truck CXU612 tractor trailer, VIN# 1M1AW01Y2EM006776, driven by separate defendant Henderson.

3. Defendant Henderson (Henderson) is believed to be a resident of Greene County, Missouri, and was so at all times relevant to this Complaint. Henderson was at the time of the wreck acting within the scope of his duties as an employee or agent for Amcon.

4. The actions that led to this Complaint occurred in Pulaski County, Arkansas.

1


EXHIBIT B

5. This Court has jurisdiction over the subject matter of this Complaint and the parties to this cause of action, and Pulaski County is the proper and appropriate venue.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the preceding paragraphs as if specifically set forth herein.

7. On July 2, 2019, Defendant Jonathan Henderson, while driving for Amcon westbound on East 2nd Street, failed to stop at a red light while driving a Mack truck with an attached trailer and collided with the Plaintiff's vehicle travelling through the intersection.

8. The Arkansas Motor Vehicle Crash Report states that Defendant told investigating officers at the scene that "he was going to step on the brake, but it was too late," and he ran the red light, striking and totaling the Plaintiff's vehicle and causing injuries to Plaintiff. Defendant unequivocally admits to running the red light, per the report.

## COUNT I - NEGLIGENCE

### *Direct and Vicarious Liability for Defendant Amcon*

9. The preceding paragraphs are hereby incorporated by reference.

10. At the time of the accident, Henderson was an employee of Amcon and was operating under the policies and supervision of Amcon.

11. Amcon hired Henderson and at all times of his employment retained control and authority over him, including the power to allow him to drive vehicles owned by Amcon and make deliveries for Amcon.

12. At the time of the accident, Henderson was being paid by Amcon and furthering the business interests of Amcon.

13. Henderson, and his Amcon had a direct, affirmative non-delegable duty, as a commercially licensed trucking operation, to safely and jointly operate their semi-tractor trailer on interstate highways in a reasonably prudent manner and with the highest degree of care.

14. At all relevant times, Defendant Henderson was acting as an agent/employee/servant within the scope and course of his employment with Defendant Amcon, subject to its direction and control while furthering their business interests and financial enterprise on interstate highways in the State of Arkansas.

15. Defendant Amcon is affirmatively negligent and directly and vicariously liable, under the doctrine of *respondent superior* and imputed conduct, for the conduct of its agent and employee within the course and scope of his employment.

16. Defendant Henderson is an agent and employee of Amcon who was tasked by Amcon to drive a tractor-trailer through the city of Little Rock in the state of Arkansas.

17. The acts and omissions of Henderson are directly imputed to his employer and principle, Amcon. Henderon's negligent and careless acts and omissions occurred while he was within the scope and course of his employment and in furtherance of the business interests of Amcon on the public roads and interstate highways in the State of Arkansas.

18. Amcon failed to train, supervise, monitor and control its employees, including Defendant Henderson, regarding the rules, regulations, procedures and policies applicable to commercial drivers operating tractor-trailer trucks on the roads of the United States.

19. Amcon failed to have policies and/or procedures in place to prevent its drivers, including Henderson, from operating Amcon's semi tractor-trailer and motor vehicle equipment in a negligent and/or reckless manner.

20. Amcon, through its actions and inactions, adopted a policy in which it allowed and encouraged, rather than discouraged, Henderson to drive in the negligent and reckless manner in which he was driving at the time that he collided with Plaintiff.

21. Defendant Amcon was itself willful and wanton in its conduct, as it had notice or could have foreseen that Henderson would act willfully, wantonly, or with conscience indifference.

## COUNT II - NEGLIGENCE

### *Direct Liability of Henderson*

22. The preceding paragraphs are hereby incorporated by reference.

23. Defendant was driving carelessly and not paying close attention to the road. He was negligent and his failure to brake for the red light was the cause of the collision.

24. At all times relevant to this cause of action, Plaintiff Randall Roberts was in exercise of due care.

25. Defendant did not keep his vehicle under control, in violation of A.C.A. § 27-51-104.

26. Defendant was not reasonably attentive to the road and other vehicles, in violation of A.C.A. § 27-51-104.

27. Defendant did not maintain a proper lookout, in violation of A.C.A. § 27-51-104.

28. Defendant failed to yield, in violation of A.C.A. § 27-51-501.

29. Upon information and belief, Defendant was speeding, in violation of A.C.A. § 27-51-201.

30. Defendant failed to obey the "rules of the road" in violation of the common law of Arkansas.

31. Defendant failed to comply with Federal and State law, accepted traffic safety engineering principles, and local laws governing safety and health including, but not limited to Federal Highway Administration regulations, MUTCD, OSHA, and Arkansas State Highway and Transportation Department Standards

32. Defendant failed to provide safeguards, safety devices and protective equipment reasonably necessary to protect safety of the traveling public.

33. Defendant failed to operate a reasonably safe semi-tractor trailer with adequate equipment, lighting and braking, in a reasonably prudent and safe manner, and in accordance with the minimum requirements found in the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390, 391, 392, 393, *et seq*.

34. The above-referenced Arkansas statutes and the Federal Motor Carrier Safety Regulations were enacted and intended to protect motorists, passengers, and pedestrians from the dangerous operation of vehicles, including semi-tractor trailers operating upon public roadways and interstate highways. At the time of the statutory violations alleged above, Plaintiff was a motorist on an interstate highway, and thus belonged to the class of persons that these Arkansas statues and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

35. As a direct and proximate result of the acts and omissions of Defendant, as described above, Plaintiff suffered severe and permanently disabling injuries, for which he seeks compensation in excess of the amount required for federal diversity jurisdiction.

36. Defendant breached his duty to use ordinary care under the circumstances then and there existing.

## CAUSATION and DAMAGES

37. Plaintiff incorporates the preceding paragraphs as if specifically set forth herein.

38. As a direct and proximate result of Defendants' negligence and failure to abide by traffic safety rules, Plaintiff suffered severe and permanent injuries in the collision that required costly medical treatment and will require future treatment.

39. As a further direct and proximate result of Defendants' negligence and failure to abide by traffic safety rules, Plaintiff incurred injuries resulting in the loss of income.

40. As a further result of Defendants' negligence and failure to abide by traffic safety rules, Plaintiff sustained significant pain and suffering that continues through the present.

41. As a further result of Defendants' negligence and failure to abide by traffic safety rules, Plaintiff sustained property damage to his vehicle.

42. Plaintiff claims he is entitled to recover for the following damages, all of which were proximately caused by these Defendants' actions:

   (a)   damages for medical bills already incurred;

   (b)   damages for reasonably certain future medical bills;

   (c)   damages for pain and suffering;

   (d)   damages for future pain and suffering;

   (e)   damages for the value of all earning, profits, salary, and working time lost in the past, and the present value of any earning, profits, salary, and working time reasonably certain to be lost in the future;

   (f)   damages for property loss, including the total destruction of his vehicle;

   (g)   damages for the nature, extent, duration, and permanency of Plaintiff's injuries; and

   (h)   any and all other damages allowed under state and federal law.

### PUNITIVE DAMAGES

43. The preceding paragraphs are hereby incorporated by reference.

44. Defendants' conduct was negligent, reckless, consciously indifferent, such that malice may be inferred from their acts and conduct in the State of Arkansas. Defendants knew, or ought to

have known, in the light of the surrounding circumstances that Defendants' conduct would naturally and probably result in injuries and damage. However, Defendants continued such conduct with malice, conscious indifference or in reckless disregard of the consequences from which malice may be inferred.

45. Specifically, Amcon was itself willful and wanton in its conduct, including its failure to train, supervise and control Henderson and its tractor trailer, as Amcon had notice or could have foreseen that Henderson would act willfully, wantonly, or with conscience indifference.

46. Punitive damages are warranted and may be imposed against Defendants to deter the Defendants and others from similar conduct.

## CONCLUDING STATEMENTS

47. Plaintiff incorporates the preceding paragraphs as if specifically set forth herein.

48. Plaintiff respectfully reserves the right to amend this Complaint in any way, form, shape, or fashion that is permissible upon the completion of discovery, or when they otherwise come into possession of any such facts warranting same, and the right to transfer this matter to any Court of competent jurisdiction necessary to obtain all relief to which they are entitled.

49. Plaintiff respectfully demands a trial by jury in this matter.

WHEREFORE, the Plaintiff, by and through his attorney, Joshua D. Gillispie, respectfully request that he recover for all damages previously pled herein, and for compensatory damages for the reasons previously pled and in an amount previously prayed for and/or allowed by common law or by statute, in an amount left to the sound discretion of the jury, but in an amount necessary to satisfy the jurisdictional limits of this Court or any other Court, unless said damages are set, in whole or in part, by statute, for punitive damages, for their attorney fees and all costs herein expended, and for all other relief to which he is justifiably entitled.

Respectfully submitted by:

/s/ Joshua D. Gillispie
ABA # 2010131
GREEN & GILLISPIE
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
(501) 244-0700
(501) 244-2020 fax
josh@greenandgillispie.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Jan-06 09:57:37
60CV-20-7315
C06D04 : 2 Pages

Case No 60-CV-20-7315 This summons is for Defendant AMCON DISTRIBUTING COMPANY JONATHAN HENDERSON.

## PROOF OF SERVICE

[ ] On _____ I personally delivered the summons and complaint to _____, the DEFENDANT at _____ ; or

[ ] After making my purpose to deliver the summons and complaint clear, on _____ I left the summons and complaint in the close proximity of the defendant by _____ (describe how the summons and complaint was left) after he/she refused to receive it when I offered it to him/her; or

[ ] On _____ I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ , _____ a place where the defendant resides; or

[ X ] On 1/4/2021 I delivered the summons and complaint to CT CORPORATION 124 W. CAPITOL AVE STE #1900 LITTLE ROCK AR,72201, an agent authorized by appointment or by law to receive service of summons on behalf of Defendant AMCON DISTRIBUTING COMPANY on 1/4/2021 AT 2:29PM; or

[ ] On _____ at _____ (address), where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ ; or

[ ] I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

[ ] I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgement form within twenty days after the date of mailing.

[ ] Other: _____

[ ] I was unable to execute service because: _____

My fee is $ _____

To be completed if service is by sheriff or deputy sheriff:

Date: _____          SHERIFF

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

To be completed if service is by a person other than the sheriff of deputy sheriff:

Date: 1-5-21          By: _____
[Signature of server]

JOE STEWART
[Printed name]

Address: 7205 COMANCHE DR

N. LITTLE ROCK AR 72116

Phone: 501-681-5319

Subscribed and sworn to before me this date: JAN 5, 2021

Notary Public

My commission expires: August 29, 2022

Additional information regarding service or attempted service:

_____